Dear Mr. Speed:
Our office received an opinion request from you concerning the Open Meetings Laws. More specifically, on behalf of the Board of Commissioners for the Rural Fire Protection District Number Two of Tangipahoa Parish (Board), you have asked our office to provide clarification on compliance with La.R.S. 42:7 with respect to amending the agenda when a board member is temporarily absent from the room in which the meeting is being held, yet still located in the building.
The Louisiana Legislature amended the statute relative to amending the agenda in the 2008 Regular Session, requiring unanimous approval of the members present of a public body:[1]
Such notice shall include the agenda, date, time, and place of the meeting, provided that upon unanimous approval of the members present at a meeting of a public body, the public body may take up a matter not on the agenda. Any such matter shall be identified in the motion to take up the matter not on the agenda with reasonable specificity, including the purpose for the addition to the agenda, and entered into the minutes of the meeting. Prior to any vote on the motion to take up a matter not on the agenda by the public body, there shall be an opportunity for public comment on any such motion in accordance with R.S. 42:5 or 5.1. The public body shall not use its authority to take up a matter not on the agenda as a subterfuge to defeat the purposes of R.S. 42:4.1 through 8.
La.R.S. 42:7(A)(b)(ii). *Page 2 
Your letter provides the factual scenario of a board member who leaves the voting chamber, but remains present on the building premises. After the member leaves the room, one of the remaining board members wishes to amend the agenda. Such a motion, as indicated above, requires unanimous approval of the members "present" at a meeting. Your opinion request asks our office to address whether a board member who leaves the voting chamber, but does not leave the building, is "present" at the meeting. If he or she is "present" at the meeting, then his or her affirmative vote would be required to amend the agenda. If he or she is not "present," then his or her vote would not be necessary for amending the agenda.
Thus, the issue addressed by this opinion is whether a board member is considered to be "present" at a meeting when he or she has temporarily left the room. We note that you have indicated that the board member's temporary absence did not disrupt the presence of a quorum of the public body.[2]
The right of access to public information is guaranteed by La.Const. art. XII, § 3, which provides, "[n]o person shall be denied the right to observe the deliberations of public bodies. . .except in cases established by law." The Open Meetings Law, which can be found at La.R.S. 42:4.1 et seq., was enacted by the Louisiana Legislature to protect and define the scope of the constitutional right of access to observe the deliberations of public bodies.
As we are not aware of any jurisprudence or previous opinions interpreting this provision of the Open Meetings Law, we look to the legislative discussion surrounding the requirement of a unanimous vote to amend the agenda.[3] According to the discussion before the Committee on House and Governmental Affairs, the reason for the change to La.R.S. 42:7 was to prevent public bodies from adding controversial items to the agenda. Representative Gallot proposed the amendment at the request of the Louisiana Press Association, who claimed public bodies were adding items of particular public interest to agendas without adequate notice to the public. The amendment to La.R.S. 42:7 created additional requirements for amending the agenda: approval from all members to add an item to the agenda, instead of approval from two-thirds of the members present; any item added to the agenda must be identified in the motion to amend with reasonable specificity, including the purpose for the addition; the minutes must reflect this purpose; and prior to any vote on the motion to take up a matter added to the agenda, there must be an opportunity for public comment. The purpose behind making it more difficult to amend the agenda was to prevent the inclusion of controversial items on an agenda with less than twenty-four hours notice.[4] *Page 3 
With this purpose in mind, if the addition to the agenda involves the inclusion of a controversial issue, and the public has not been provided with twenty-four hour notice, we recommend that such matter be deferred for discussion until the next meeting, to ensure the public is aware and given adequate notice that the issue will be discussed by the public body. In light of the legislative instruction that the public body may not use its authority to amend the agenda as a subterfuge to defeat the purpose of the Open Meetings Law, we offer the above recommendation in consideration of the fact that the public may have a heightened interest in participating and/or observing the discussion and deliberation of controversial issues.[5]
According to the information you have provided, the facts giving rise to this opinion request did not involve the inclusion of a controversial issue on the agenda. Additionally, there are no facts which indicate that the member who was temporarily absent from the room had any objection to the amendment to the agenda. The situation you have presented is one in which there is no evidence that the public body used its authority to take up a matter on the agenda as a subterfuge to defeat the purposes of the Open Meetings Law. Rather, the issue here is determining what the legislature intended when requiring the unanimous vote of all members "present." Was the intention to include all the members counted present at the meeting, even if one member had temporarily left the room, or was the intention to include all the members present in the actual voting chamber at the time the motion to amend the agenda is made?
When a reader seeks clarification on the meaning of a particular word used in a statute, the legislature has provided the following interpretive instructions:
• The words of a law must be given their generally prevailing meaning. La.C.C. art. 11.
• When the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole. La.C.C. art. 12.
• Words and phrases shall be read within their context and shall be construed according to the common and approved usage of the language. La.R.S. 1:3.
It is the opinion of this office that the common or prevailing understanding of the word "present" in the context of meetings denotes the actual physical presence of a member in the room in which the meeting is taking place. The temporary absence of a member is uncertain in terms of duration: the absence can last a matter of minutes or a matter of hours. Board members may continue with a meeting if a member temporarily leaves the room so long as a quorum remains; however, the Board may not continue with a meeting if the member's temporary absence prevents a quorum. In light of this fact, it follows that if a member's temporary absence does not disrupt a quorum, then that member is no longer "present" for purposes of amending the agenda, and his or her *Page 4 
affirmative vote is not required to amend the agenda in accordance with La.R.S. 42:7. With that being said, we note that the Chairperson typically serves as the presiding officer for a public body, with the authority to control when a motion is being entertained.[6] If a member temporarily leaves the voting chamber, and another member offers a motion to amend the agenda, the Chairperson has the discretion to allow the motion to amend to be voted on immediately, or wait for the temporarily absent member to return before the motion to amend is voted on.
We hope that this opinion has adequately addressed the legal issues you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
With best regards,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY: __________________________ Emalie A. Boyce Assistant Attorney General
JDC: EAB
[1] Prior to the 2008 amendment, the agenda could be amended by approval of two-thirds of the members present of a public body.
[2] A quorum is defined by La.R.S. 42:4.2(A)(3) as "a simple majority of the total membership of a public body."
[3] Such amendment is contained in Act 131 of the 2008 Regular Session, formerly House Bill 392.
[4] Please refer to discussion of HB 392 before the Committee on House and Governmental Affairs on April 16, 2008, available on the website for the Louisiana House of Representatives, at house.louisiana.gov. Refer also to discussion of HB 392 before the Committee on Senate and Governmental Affairs on May 28. 2008, available at senate legis state la.us.
[5] Please refer to the last sentence of La.R.S. 42:7(A)(b)(ii).
[6] We note that many public bodies operate under Robert's Rules of Order, which describe the Chairman as the presiding officer of a body, whose duties include putting questions to a vote that legitimately come before the assembly or that otherwise arise in the course of proceedings, as well as expediting business in every way compatible with the rights of members. RONR (10th ed.), p. 433-34, I. 7-10, 21-22. *Page 1